UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROGER DODSON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:15-cv-287 |
| v. ) | |
| ) | Judge Mattice |
| HARRINGTON & KING, ) | |
| SOUTH, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |

## ORDER

On March 20, 2017, Plaintiff and Defendant Lovass signed and submitted a Stipulation of Dismissal (Doc. 46). Because it is not readily apparent from the Stipulation of Dismissal whether Plaintiff intended to dismiss claims as to Corporate Defendants Harrington & King Perforation Co., *et al.*, **Plaintiff** is hereby **ORDERED** to either submit briefing to clarify the extent of the dismissal or file a formal voluntary dismissal as to the Corporate Defendants, **on or before September 22, 2017.**

## I. BACKGROUND

Plaintiff filed this case on October 20, 2015. In his complaint, Plaintiff alleged Defendants violated their fiduciary duties under ERISA by improperly managing an employer-funded healthcare program, and for diverting employee premiums for the healthcare program to unrelated obligations. (*See* Doc 1). All Defendants failed to meet the deadlines for their responsive pleadings, and Plaintiff moved for default judgments against Defendants. (*See* Doc 14, 15, 16). Magistrate Judge Steger, after reviewing Plaintiff's Motions for Default Judgement, ordered Defendants to respond to an upcoming affidavit by Plaintiff. (Doc. 18 at 2). Judge Steger gave Defendants until June

15, 2016 to file their response. (*Id.*). Nine days prior to that deadline, on June 6, 2016, Corporate Defendants filed a Suggestion of Bankruptcy. (Doc. 29).

Pursuant to the Suggestion of Bankruptcy, the case was stayed as to the Corporate Defendants, Harrington & King South, Inc. and Harrington & King Perforating Co., Inc., but continued as to the Individual Defendant, Lovass. (*See* Doc. 40 at 2). As the case proceeded, the Corporate Defendants, consistent with the stay, were not obviously involved in the continued proceedings. For example, joint filings were signed only by Plaintiff and the Individual Defendant. (*See* Doc. 43, 44).

On March 20, 2017, Plaintiff and Individual Defendant submitted a joint Stipulation of Dismissal. (Doc. 46). In the Stipulation of Dismissal, "the parties" stipulated that the case be dismissed "as to all parties in its entirety, with prejudice." (*Id.*). The stipulation dismissed the case "[p]ursuant to Rule 41(a)(1)(A)(ii)," which requires such stipulations to be "signed by all parties who have appeared." Fed R. Civ. P. 41(a)(1)(A)(ii). The stipulation was signed by counsel for the Individual Defendant and Plaintiff; counsel for the Corporate Defendants did not sign the stipulation. (*See id*). On May 2, 2017, the Court recognized the Individual Defendant as being dismissed from the action and stayed the remaining claims against Corporate Defendants pursuant to 11 U.S.C. § 362. (Doc. 48). None of the parties objected or responded to the Court's order. As part of the order dismissing the case in part and staying the remainder, this Court ordered the Corporate Defendants to issue status reports on July 31, 2017 and every 90 days thereafter. (*Id.*). On August 31, 2017, after never receiving a status report, the Court entered a show cause order requiring the Corporate Defendants to show cause as to why no status report had been filed. (Doc. 53). The Corporate Defendants promptly responded

2

and asserted the claims against them had been dismissed by the Joint Stipulation of Dismissal on March 20th. (Doc. 54).

## II. DISCUSSION

Having reviewed the record, it is unclear whether Plaintiff intended to dismiss the claims against Corporate Defendants in the Stipulation of Dismissal. The initial cause of this ambiguity is due to the rule cited by the signors of the stipulation. The stipulation asserts the dismissal was made pursuant to "Rule 41(a)(1)(A)(ii)." (Doc. 46). Stipulations of dismissal made pursuant to that rule must be signed by all parties that have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). If the dismissal was intended to be effective against the Corporate Defendants, who did not sign the stipulation, reference should have been made to Rule 41(a)(1)(A) generally, or to Rule 41(a)(1)(A)(i), which allows dismissal of an opposing party if that party has yet to file an answer or a motion for summary judgment.

Additionally, although "the parties" stipulated "this cause is dismissed" as to "all parties in its entirety," it is unclear whether the singular "this cause" applies to all separate claims against each Defendant or only the claim against the Individual Defendant. (Doc. 46). Further, it is unclear whether "all parties" refers to only the signing parties—Plaintiff and the Individual Defendant—or to all parties involved in the case, including the Corporate Defendants. (*See id.*). The ambiguity of the stipulation is compounded by the parties' prior actions, the status of the Bankruptcy stay, and the lack of a signature by—or reference to—the Corporate Defendants in the Stipulation of Dismissal.

Therefore, it is hereby ordered that Plaintiff submit briefing, **on or before September 22, 2017**, to clarify what was intended by the Stipulation of Dismissal. In the alternative, if Plaintiff did intend to dismiss the entire case, he should file a formal

notice of voluntary dismissal against the Corporate Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly,

**SO ORDERED** this 8th day of September, 2017.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE